IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUNCAN J. McNEIL, III                                                                PLAINTIFF

      v.                              Civil No. 05-2119

UNITED STATES OF AMERICA,
and Its Officers and Agencies; CLERK,
UNITED STATES DISTRICT COURT,
Western District of Arkansas; CLERK,
UNITED STATES BANKRUPTCY COURT,
Western District of Arkansas; UNITED STATES
ATTORNEY, Western District of Arkansas;
OFFICE OF THE UNITED STATES Trustee,
Western District of Arkansas; UNITED STATES
MARSHAL SERVICE, Western District of
Arkansas; INTERNAL REVENUE SERVICE,
Western District of Arkansas; SECRET SERVICE,
Western District of Arkansas and their officers; and
ALL JUDGMENT DEBTORS UNDER THE
FOREIGN JUDGMENTS residing in, or doing
business in, this district, fictitiously named as
Doe 1 to Doe 500                                                                         DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Duncan J. McNeil, III, filed this pro se action on August 8, 2005. The case was filed nunc pro tunc to June 16, 2005. McNeil's *in forma pauperis* (IFP) application was granted (Doc. 2). The case is before the undersigned for a determination of whether it should be served upon the defendants.

### **I. Background**

McNeil's original complaint consists of twenty-two pages. His supplemental or amended complaint is twelve pages long.

-1-

The complaint and amended complaint are at times difficult to follow. McNeil is currently incarcerated in the Spokane County Jail, Spokane, Washington. He alleges his incarceration is in violation of his civil and constitutional rights and in retaliation for his attempted exercise of his constitutionally protected rights. *Complaint* at p. 3. He also alleges he has been subjected to unlawful searches and seizures. *Id.* at p. 8. He indicates he is being denied access to the courts, a law library, and legal resources. *Id.* at p. 12.

Further, McNeil alleges there has been a conspiracy to cover up his unlawful arrests, incarceration, prosecution, and invalid criminal convictions. *Complaint* at p. 13. He maintains the conspiracy was in response to his exercise of his constitutional rights. *Id.*

In his supplemental complaint, McNeil indicates he is a "civil detainee" who has not been lawfully sentenced on a valid criminal conviction. *Supplemental Complaint* at p. 2. Instead, he asserts he has been imprisoned in retaliation, and in retribution for, his lawful acts and court appointed duties to obtain execution and enforcement of a foreign judgment.

He asserts he is not a prisoner and therefore not subject to the three strikes provision of 28 U.S.C. § 1915(g). *Supplemental Complaint* at p. 3. He alleges he is under imminent danger of serious physical injury from the defendants' acts of retaliation and retribution taken to interfere with plaintiff's attempts to execute and enforce the judgment. *Id.* He alleges defendants' acts of retaliation and retribution include: withholding of required medications, medical care, and medical treatment; placing him on lock-down without adequate access to exercise, phones, courts, a law library, a copier, religious counseling, and mental counseling; and assigning plaintiff a security classification score of 1 on a scale of 0 to 31 thereby placing him at risk. *Id.* at pp. 3-4.

AO72A
(Rev. 8/82)

He maintains the defendants and judgment debtors have seized his office, residence, business, legal, and financial records. *Supplemental Complaint* at pp. 4-5. He states once the court grants full faith and credit to the judgment he will amend this action to name specific judgment debtors and specific property located within this district subject to attachment, enforcement, or execution. *Id.* at p. 5.

He asserts he is a qualified individual with a disability and entitled to reasonable accommodations. McNeil also asserts that he was appointed as the disbursing agent or liquidating trustee and general manager of reorganized debtor Broadway Buildings II, L.P. by the United States Bankruptcy Court for the Central District of California, case no. LA 98-18082, by orders entered on March 19, 1999, and June 16, 1999. *Complaint* at p. 2. He maintains he is the owner and trustee of a stipulated judgment entered on January 30, 2001, in the United States District Court for the Eastern District of Washington, in Duncan J. McNeil v. David Baker, et al., Case No. 97-435. *Complaint* at p. 4.

Pages eighteen through twenty-two of the complaint are the document he refers to as a "stipulated judgment." The document is entitled a "stipulated order re: liability and damages" and reflects an agreement between McNeil as plaintiff, and the Citizens Against Bankruptcy & Real Estate Fraud, L.P., as counter-claimants, that McNeil is owed the sum of $319,132.00 for services rendered from the time period of June of 1996 to October 1, 2000.

According to the stipulated facts set forth in the order, McNeil was employed in June of 1996 by the Citizens Against Bankruptcy & Real Estate Fraud, L.P. He performed services related to the preservation and implementation of the JV/Loan Agreement and the confirmation

-3-

AO72A
(Rev. 8/82)

and implementation of Broadway's Confirmed Plan of Reorganization and a number of other duties.

The stipulated order was entered on January 30, 2001, by United States District Judge, Robert H. Whaley. Page seventeen of the complaint purports to be a certification of a judgment for registration in another district dated March 15, 2002.

McNeil alleges he has registered the "foreign judgment" with the following courts: United States Bankruptcy Court, Eastern District of Washington, Case No. MC-02; United States District Court, Eastern District of Washington, Case No. 04-427; United States Bankruptcy Court, Western District of Washington, Case No. 02-103, United States District Court, District of Idaho, Case No. MC-05114, and Spokane County Superior Court, Case No. MC-02-2-02825-4. *Complaint* at p. 4.

He maintains the defendants each "acquired certain duties pursuant to the foreign judgments." *Complaint* at p. 4. He asserts the defendants are required to give the foreign judgment Full Faith and Credit pursuant to the United States Constitution. *Id.* at p. 5. Among other things, he asserts defendants have a statutory, ministerial, non-discretionary duties to issue execution and enforce the judgment. *Id.* McNeil alleges defendants breached their duties. *Id.* at p. 6.

He maintains the defendants failed to create, maintain, correct, and disseminate, accurate records on him and the judgment. *Complaint* at p. 7. He asserts he has been denied records under the Freedom of Information Act, denied access to the courts or agency adjudicative proceedings, and denied reasonable accommodations. *Id.* at pp. 8-9. He states defendants have failed to comply with their own agency's rules and regulations. *Id.* at p. 9.

AO72A
(Rev. 8/82)

He alleges the defendants have failed to pay him the liquidated damages as provided in the judgment and have refused to surrender real and personal property vested in him pursuant to the judgment. *Complaint* at p. 8. In his supplemental complaint, he alleges one or more of the defendants and judgment debtors is a resident of this judicial district and has property that is subject to the foreign judgment. *Supplemental Complaint* at p. 4.

He asserts this court has jurisdiction pursuant to the declaratory judgment act, 28 U.S.C. § 2201, the Full Faith and Credit Clause of the United States Constitution Art. IV § 1, the statute requiring federal courts to give full faith and credit to state court judgments, 28 U.S.C. § 1738, the statute giving district courts jurisdiction over nonresident defendants in suits to enforce liens on property in the district, 28 U.S.C. § 1655, and the provision of Privacy Act which governs the maintenance of individual records by federal agencies, 5 U.S.C. § 552a(g).

In his supplemental or amended complaint, McNeil states this is a "common law action, as a supplemental bill in the aid of the execution and enforcement" of the foreign judgment. *Supplemental Complaint* at p. 2. He also maintains diversity of citizenship exists. *Id.* at p. 4. He alleges this court has federal question jurisdiction to protect his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. *Id.* at p. 7.

McNeil prays for a declaratory judgment and a writ of mandamus as to the foreign judgment. He also seeks liquidated, compensatory, and punitive damages, costs of the suit, and attorney's fees.

## II. Discussion

We conclude McNeil should not have been granted IFP status. As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April

-5-

26, 1996, section 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to McNeil. He has had more than three previous actions that qualify as strikes against him under section 1915(g). *See e.g., McNeil v. United States, et al.*, Civil No. 05-04773 (C.D. Cal.)(dismissed as frivolous on 6/27/2005); *McNeil v. Vexatious Litigant Orders, et al.,* Civil No. 05-04142 (C.D. Cal.)(dismissed as frivolous on 6/27/2005); *McNeil v. McNeil v. Tighe, et al.*, Civil No. 04-379 (E.D. Wash.)( dismissed as frivolous on 11/9/2004);, *McNeil v. Miller, et al.*, Civil No. 04-00378 (E.D. Wash.)(dismissed as frivolous on 11/9/2004); *McNeil v. Gregoire, et al.*, Civil No. 04-00372 (E.D. Wash.) (dismissed as frivolous on 11/9/2004); *McNeil v. Whaley*, Civil No. 04-00371 (E.D. Wash.)(dismissed as

AO72A
(Rev. 8/82)

frivolous on 11/9/2004). Additionally, in several other cases McNeil has been denied IFP status and the cases have been dismissed when McNeil failed to tender the filing fee after he was denied in forma pauperis (IFP) status. *See e.g., McNeil v. United States.*, Civil No. 05-00897 (M.D. La.)(IFP status denied 7/6/2005 and case dismissed for failure to tender the filing fee on 8/4/2005); *McNeil v. United States, et al.,* Civil No. 05-00368 (N.D. Okla.)(IFP status denied 7/15/2005 and case dismissed for failure to tender the filing fee on 8/15/2005). Finally, in at least one case, McNeil has been denied IFP status and the case summarily dismissed based on his failure to advise the court that he has "struck out." *See McNeil v. United States*, *et al.,* Civil No. 05-03592 (N.D. Ill.) (IFP status denied and case dismissed 6/30/2005).

In this case, in an effort to avoid application of the "three strikes rule" McNeil has alleged he is a "civil detainee" not a prisoner. We find this argument to be without merit. The term "prisoner" is defined to mean: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). McNeil is detained at the Spokane County Jail and he has alleged his incarceration is pursuant to criminal convictions. Clearly, he is a prisoner as defined by the PLRA.

He has also alleged he is under imminent danger of serious physical injury. However, McNeil has made only this conclusory allegation. The allegations of the complaint and supplemental complaint contain no indication McNeil is in imminent danger of serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)(requisite imminent danger of serious physical injury must exist at the time the complaint is filed, not when the wrongdoing

-7-

occurred); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002)(allegations that five tooth extractions had been delayed and tooth infection was spreading was sufficient to meet imminent-danger exception); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).

Therefore, McNeil is not eligible for IFP status. However, having brought this action, McNeil remains obligated to pay the full filing fee of $250. *See* 28 U.S.C. § 1915(b)(1).

This case also is subject to dismissal because it is frivolous. First, to the extent McNeil challenges his incarceration and conviction, his claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that claims for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. *See also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996)(collecting cases applying *Heck* to actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)(a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* action).

Second, with respect to his claims that defendants violated his rights by withholding required medications, medical care, and medical treatment; placing him on lock-down without

AO72A
(Rev. 8/82)

adequate access to exercise, phones, courts, a law library, a copier, religious counseling, and mental counseling; and assigning plaintiff a security classification score of 1 on a scale of 0 to 31 thereby placing him at risk. We note that plaintiff is incarcerated in Spokane, Washington, and not in this district and there is no allegation that any of the named defendants were personally involved in, or anyway responsible for, any of these alleged unconstitutional acts. *See e.g., Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999)(stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37-38 (8th Cir. 1995)("[T]here is no respondeat superior liability under *Bivens*. Defendants are liable for their personal acts only.").

Third, certain of the events McNeil complains about occurred more than three years before the filing of this complaint and are barred by the applicable statute of limitations. A three year statute of limitations applies. *See Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995)(*Bivens* action, like § 1983 is governed by state's statute of limitations for personal-injury actions); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) (personal injury action in Arkansas governed by three-year statute of limitations). Thus, to the extent McNeil challenges violations of his constitutional rights that occurred more than three years prior to the filing of the complaint, those claims are barred.

Fourth, to the extent McNeil alleges that his property has been taken, the claim fails. Neither the negligent nor the intentional taking of property states a claim of constitutional dimension if adequate post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*,

-9-

31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Adequate post-deprivation remedies exist because Arkansas recognizes a cause of action for conversion. *See e.g., Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Fifth, a *Bivens* claim cannot be brought against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Thus, the defendants cannot be sued for the alleged constitutional violations.

Sixth, this court does not have jurisdiction by virtue of the existence of diversity of citizenship. The United States and its agencies are not citizens for diversity purposes and cannot be sued in diversity. *See e.g., Texas v. ICC*, 258 U.S. 158, 160, 42 S. Ct. 261, 66 L. Ed. 2d 531 (1922); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

Seventh, the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Thus, defendants are not subject to suit under the general common law or under any statute that does not contain a wavier of sovereign immunity.

Eighth, the proper way to register a judgment obtained in another this district is by utilizing 28 U.S.C. § 1963. This statute allows a litigant who has obtained a valid judgment who wants to recover money or property in another district to register the judgment by filing a certified copy of the judgment in the district where the money or property is. Once registered

-10-

in this district, the judgment has the same effect as if the judgment were entered in this district. *See e.g., Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001); *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965).

Plaintiff cannot circumvent the registration procedure set forth in § 1963 by filing a civil action against those who might be called upon to enforce or execute on the judgment. As no judgment has been registered, defendants have no duty to enforce or execute on the judgment McNeil allegedly has obtained in the Eastern District of Washington. Furthermore, as no foreign judgment has been registered, McNeil's alleged judgment is not entitled to Full Faith and Credit as he avers.

We note that no judgment is attached to the complaint or supplemental complaint. Instead, there is attached a stipulated order regarding liability and damages and what purports to be a certification of judgment for registration in another district. However, the certification states the judgment was entered in CS-97-435 on March 15, 2002, in the Eastern District of Washington. Review of the docket sheet in that case indicates no docket entry on March 15, 2002. Furthermore, the last docket entry in that case was entered on March 12, 2001, and is an order entered by the Honorable United States District Judge Robert H. Whaley denying the motion for entry of a stipulated judgment.

Ninth, with respect to the Americans with Disabilities Act (ADA), McNeil has alleged only that he is a qualified individual with a disability and that he was denied reasonable accommodations. He has not alleged any of the named defendants were involved in the alleged ADA violations, or he has ever been in the Western District of Arkansas, or he was excluded from participating in, or benefitting from, a public program, service, or activity, or he had any

AO72A
(Rev. 8/82)

connection with any of the defendants prior to the filing of this lawsuit. The allegations are insufficient to state a cognizable claim.

Tenth, with respect to the Privacy Act claim, 5 U.S.C. § 552a(g), McNeil has not alleged that he exhausted his administrative remedies. *See e.g., Taylor v. United States Treasury Dep't.*, 127 F.3d 470, 474 (5th Cir. 1997)(exhaustion of administrative remedies required under the Privacy Act, § 552a(d)(3)). Furthermore, he has not alleged what agency records are at issue or how any of the particular agencies named as defendants failed to fulfill their record keeping obligations.

Finally, we note that plaintiff has filed similar lawsuits in various districts around the country. *See e.g., McNeil v. United States, et al.*, Civil No. 05-00368 (N.D. Okla.). In these cases, McNeil has named as defendants, the United States, and various courts, agencies, and officials, for the district in which he is filing suit. In denying McNeil leave to proceed IFP in the Northern District of Oklahoma, the Honorable Claire V. Eagan, United States District Judge, noted that McNeil had "filed at least 43 civil actions in other federal district courts, many asserting essentially the same claims against officials located in those districts." *McNeil v. United States, et al.,* Civil No. 05-00368, Doc. 3, entered July 14, 2005, at page 2. It was also noted that McNeil had been found to be a vexatious litigant by the Eastern District of Washington. *Id.* (*citing McNeil v. Whaley, et al*., 04-00371 (E.D. Wash.)). McNeil has also been found to be a vexatious litigant by the Central District of California, CA-00-02379-SB, Order entered November 2, 2002, and by the Spokane County Superior Court*,* LA 98-18082-SB.

AO72A
(Rev. 8/82)

### III. Conclusion

I therefore recommend that:

(1) McNeil's IFP status be revoked on the grounds he has more than three strikes under the Prison Litigation Reform Act and is not in imminent physical danger;

(2) McNeil's claims be dismissed on the grounds the claims are frivolous, are barred by the statute of limitations, and fail to state claims upon which relief may be granted; and

(3) the clerk be directed to collect the $250 filing fee pursuant to the Prison Litigation Reform Act.

**McNeil has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McNeil is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of August 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)